IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SANDRA VILLERS (01) | Criminal No. 3:16-CR-78-N |

## PLEA AGREEMENT

Sandra Villers, the defendant; Jeffrey Grass, the defendant's attorney; and the United States of America (the government) agree as follows:

1. **Rights of the defendant:** Villers understands that she has the right

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have her guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in her defense;

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty:** Villers waives these rights and pleads guilty to the offense alleged in Count One the Second Superseding Indictment, charging a violation of 18 U.S.C. § 371 (Conspiracy to Defraud the United States). Villers understands the nature and elements of the crimes to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose include:

   a. imprisonment for a period of not more than five years;

   b. a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of no more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Villers violates the conditions of supervised release, the Court may revoke such term of supervised release and require Villers to serve an additional period of imprisonment;

   d. a mandatory special assessment of $100.00;

   e. restitution to victims or to the community, which may be mandatory under the law, and which Villers agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

   f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines:** Villers understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Villers has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Villers will not be allowed to withdraw her plea if her sentence is higher than expected. Villers fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment:** Prior to sentencing, Villers agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special

assessment in this case.

6. **Defendant's agreement:** Villers shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, Villers shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. Villers expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate her ability to satisfy any financial obligation imposed by the Court. Villers fully understands that any financial obligation imposed by the Court, including the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of a fine, Villers agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Villers's full and immediately enforceable financial obligation. Villers understands that she has a continuing obligation to pay in full, as soon as possible, any financial obligation imposed by the Court.

7. **Government's agreement:** The government will not bring any additional charges against Villers based upon the conduct underlying and related to her plea of guilty, and will dismiss any other pending charges in this district as a result of the underlying conduct. The government will file a Supplement in this case, as it routinely does in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does

it prohibit any civil or administrative proceeding against Villers or any property.

8. **Violation of agreement:** Villers understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Villers for all offenses of which it has knowledge. In such event, Villers waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Villers waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

9. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence:** Villers waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in an amount to be determined by the Court. She further waives her right to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Villers, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel:** Villers has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. Villers has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Villers has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 24th day of June, 2016.

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
BRIAN D. POE
Assistant United States Attorney
Northern District of Texas
Texas State Bar No. 24056908
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5447
Email: brian.poe@usdoj.gov

_____
ALEX LEWIS
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_Sandra Villers_  
SANDRA VILLERS  
Defendant

6/23/16  
Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_Jeffrey Grass_  
JEFFREY GRASS  
Attorney for Defendant

6/23/2016  
Date